```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF GEORGIA
            MACON DIVISION
```

| | |
|---|---|
| RETTA I. CLARK,<br><br>          Plaintiff<br><br>    VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>          Defendant | NO. 5:07-CV-142 (HL)<br><br>**SOCIAL SECURITY APPEAL** |

**O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff RETTA I. CLARK's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On October 5, 2004, plaintiff filed an application for Social Security Disability Benefits alleging disability beginning November 6, 2003 due to back injuries. The application was denied initially on March 8, 2005, and upon reconsideration on September 20, 2005. Plaintiff Clark requested a hearing before an administrative law judge ("ALJ") which was held on November 15, 2006. The ALJ found that the plaintiff was not disabled in a decision dated December 9, 2006. The Appeals Council denied her request for review on March 2, 2007, making the hearing decision the final decision of the Commissioner. Jurisdiction arises under 42 U.S.C. § 405(g). All parties have heretofore consented for this matter to be determined by the United States Magistrate Judge.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts**. *Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* ***Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Clark first alleges that the ALJ erred in his evaluation of plaintiff's treating physician's diagnosis of Degenerative Disc Disease. The plaintiff, however, fails to state how the ALJ's evaluation of the diagnosis is erroneous. Moreover, since the ALJ accepted the treating physician's diagnosis of Degenerative Disc Disease as credible and found the diagnosis to be a severe impairment in step three of his analysis, this argument is without merit.

Plaintiff next contends that substantial evidence does not support the Commissioner's decision because the ALJ improperly rejected the opinion of her treating physicians and improperly found her subjective complaints to be of limited credibility.

The Court accepts the Commissioner's evaluation of the evidence as set out in the decision of the ALJ in which it was noted that:

> -[in November 2003] claimant complained of back and chest pain, shortness of breath, headaches, and dizziness when she presented to her gynecologist Dr. W. Wilson Gray. A lumbar computed tomography scan revealed only mild disc bulges at L4-5 with no evidence of a disc extrusion or canal compromise. R. 14..
>
> -[in June 2005] claimant presented to Dr. Norman J. Smith, an orthopaedist. A physical examination revealed pain with motion of the spine but [patient] neurovascularly intact. X-ray revealed sacralization at the L5 disc and an MRI was performed. [MRI] documented a bulging disc at L4-5 but Dr. Smith did not recommend any surgery. [Dr. Smith] suggested pain injections as a pain control but the claimant declined that treatment modality R. 14.
>
> -Dr. Smith proposed limits for the claimant of thirty pounds with regard to lifting and stated that she should not ride in a car for more than 30 minutes at one time. He also elaborated that [claimant] was not disabled from doing anything and everything. R. 15.
>
> -In May 2006, the claimant returned to Dr. Gray with complaints of back pain and he ordered an electrodiagnostic examination at the pain clinic which revealed indefinite diminished function of the lumbar nerves. R. 15

-[I]n October 2006 [Dr. Gray] opined that the claimant had marked limitations of function due to her impairments but then stated that he was not the provider best suited to assess the claimant's physical capacity. R. 15

-Dr. Sam Amporful began treating the claimant in September 2006, and opined in November 2006 that she had severe limitations related to her impairments, such that she could lift less than ten pounds frequently ans would miss more than three days a month from work. The claimant's hypertension and asthma were treated with medications, which controlled her symptoms. No pulmonary function studies were performed and the claimant required no medical intervention for her respiratory or cardiovascular impairments. R. 15.

Plaintiff Clark contends that the ALJ improperly discounted and/or rejected the opinions of her treating physicians. Specifically, she contends that the ALJ improperly found the opinions of Drs. Gray and Amporful to be unsupported by the medical evidence.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. ***Broughton v. Heckler***, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. ***Schnorr v. Bowen***, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. ***Oldham,*** *supra*, at 1084. ***Edwards v. Sullivan***, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also* ***Wilson v. Heckler***, 734 F.2d 513, 518 (11th Cir. 1984).

The ALJ did note the evidence from plaintiff's treating physicians concerning the severity of her condition and her limitations; however, the ALJ properly discounted it as not consistent with the objective medical evidence in the record.

In his decision, the ALJ correctly noted that plaintiff suffers from degenerative disc disease, obesity, asthma, and hypertension. All of these conditions have been successfully treated conservatively. None of these conditions have required surgery. R. 14-16. The opinions of Drs. Gray and Dr. Amporful are inconsistent with this evidence in that they opine that plaintiff is unable to work. In the view of the undersigned, the ALJ properly evaluated the objective medical evidence and the opinions of the plaintiff's treating physicians.

Plaintiff Clark next contends that the Commissioner failed to evaluate the plaintiff's subjective complaints under the proper legal standard. Specifically, the plaintiff contends that the ALJ improperly discounted her subjective complaints of pain.

It is well settled that it is not enough for a claimant to provide subjective accounts of disabling limitations. These subjective accounts must be supported by evidence of an underlying medical condition along with either objective medical evidence confirming the severity of the alleged limitation arising from that condition or medical evidence that the objectively determined medical condition is of a severity that could reasonably be expected to give rise to the alleged limitation. *Edwards v. Sullivan*, *supra*, at 584 (11th Cir. 1991); 20 C.F.R. Sections 404.1508 and 404.1529. Furthermore, the ALJ can reject such testimony if he articulates explicit and adequate reasons for doing so. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

In assessing plaintiff Clark's credibility, the ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms but that the plaintiff's subjective complaints as to the intensity, duration, and limiting effects of the impairments were not credible. This conclusion, according to the ALJ, is because the objective medical evidence established only conservative treatment. In making this determination, the ALJ considered the effect of plaintiff's impairments individually and in combination, her subjective complaints in light of the regulations, and the medical evidence. R. 16. In the view of the undersigned, the Commissioner did not err in finding the plaintiff's subjective complaints of pain not fully credible.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned that the ALJ properly applied the relevant legal standards and that his findings are supported by substantial evidence. Therefore, the Commissioner's denial of benefits is **AFFIRMED**.

SO ORDERED, this 27th day of JUNE, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE